UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>ACADEMY EXPRESS, LLC,<br>DPV TRANSPORTATION, INC.,<br>AND BOSTON CHARTER BUS, LLC<br><br>  Defendants. | Case No. 1:20-cv-10033-DPW<br>(Leave to File Granted on 12/10/21) |

**PLAINTIFF CONSERVATION LAW FOUNDATION'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* (*DAUBERT* MOTION) TO EXCLUDE CERTAIN NON-LAY TESTIMONY OF JAMES M. LYONS**

Pursuant to Local Rule 7.1(b)(3) and the Court's Order of December 10, 2021 (ECF No. 94), Plaintiff Conservation Law Foundation (CLF) respectfully submits this Reply to Defendant's Opposition to Plaintiff's Motion *in Limine* (*Daubert* Motion) to Exclude Certain Non-Lay Testimony of James M. Lyons (ECF No. 88) (Def. Opposition).

## ARGUMENT

**I.    THE DEFENDANT'S OPPOSITION FAILS TO ESTABLISH THAT MR. LYONS' CHALLENGED TESTIMONY IS RELIABLE AND THAT MR. LYONS IS QUALIFIED TO OPINE ON AIR POLLUTION DISPERSION MODELING.**

Despite the Defendant's claims, CLF is not arguing that Mr. Lyons' testimony should be excluded because it differs from the opinions of its own experts. ECF No. 88 (Def. Opposition) at 6 and 13. Rather, CLF has demonstrated that portions of Mr. Lyons' testimony should be excluded because: 1) Mr. Lyons is not qualified to offer opinions on air pollution dispersion

1

modeling,[1] and 2) some of his opinions are unreliable because they are not based on sufficient facts or data, or they are not the product of reliable principles or methods. ECF No. 85-1 (Plaintiff's Memorandum of Law in Support of Its Motion *in Limine* (*Daubert* Motion) to Exclude Certain Non-Lay Opinion Testimony of James M. Lyons) at 2, and 4-10. Specifically, the Defendant's Opposition offers no studies, reports, factual data, testimony, or other references to rebut the following:

1. Mr. Lyons has never personally performed air pollution dispersion modeling. ECF No. 88 (Def. Opposition) at 8-9;

2. Mr. Lyons is not trained in the air pollution dispersion modeling program, AERMOD. *Id*;

3. Mr. Lyons provides no examples of scientific literature upon which his opinions are based.[2] *Id.* at 11; and

4. Mr. Lyons provides no examples of "scientific methods" to ground his opinions. *Id.* at 12.

Mr. Lyons' lack of qualifications and method starkly contrast that of CLF's experts, whose opinions are based on quantitative data (including emissions and air pollution dispersion

---

[1] In its attempt to argue that "practical experience is sufficient for a witness to be qualified as an expert," the Defendant cites to the dissent, *not* the majority opinion, in *In re Unisys Sav. Plan Litig.,* 173 F.3d 145, 169–70 (3rd Cir. 1999). Indeed, the court in *In re Unisys* upheld the exclusion of the expert testimony, in part, because the expert's expertise was in property casualty insurance instead of life insurance, and "there are 'fundamental' difference[s] in evaluating the two types of insurance." *Id.* at 156. Here, Mr. Lyons has proffered testimony on a subject matter that he does not have expertise in (air pollution dispersion modeling) and that is fundamentally different from his work in vehicle emissions control.
[2] Regarding Mr. Lyons' opinion claiming an increase in efficiency of plugged filters, the Defendant makes a bizarre assertion that CLF is *not permitted* to establish that Mr. Lyons' opinion is not reliable since it is not supported by the research paper he cites. ECF No. 88 (Def. Opposition) at 12-13. CLF is not aware of any such restriction and the Defendant does not provide any support for it.

modeling calculations) and are supported by numerous peer-reviewed studies.[3] ECF No. 90 (Pl. Opposition) at 7 and 11.

## II. THE DEFENDANT'S LACK OF DUE DILIGENCE TO LOCATE VITAL VEHICLE INFORMATION DURING FACT DISCOVERY SHOULD NOT BE EXCUSED, AND THE INFORMATION SHOULD BE EXCLUDED.

As explained in CLF's Motion to Bar, vital vehicle information that CLF repeatedly requested from the start of fact discovery did not materialize until *after* the Defendant's expert requested it. ECF No. 67 (Motion to Bar) at 2-5, 8, and 10. The Defendant can now say they weren't "aware of it," ECF No. 88 (Def. Opposition) at 14, simply because they didn't perform the due diligence to get it. The Defendant continues to ignore that it had an obligation to determine, at that earlier stage, whether or not the information existed. *Klonoski v. Mahlab*, 156 F.3d 255, 272 (1st Cir. 1998), *superseded in unrelated part by rule amendment*, (excluding late produced letters and holding that discovery violation is not excused because "a party had not actually obtained certain documents before the discovery deadline."); *id.* at 272 (stating that the defendants should have undertaken a timely investigation to locate the late produced letters and that the defendants' failure to do so "suggest[ed] that the defendants may have been, at best, either lax or negligent in pursuing pretrial discovery."). Incredulously, the Defendant *still* has not provided CLF with the underlying documents used to create the vehicle information spreadsheet and table.

---

[3] The Defendant makes the unsupported claim that Mr. Lyons' testimony is based on the "same data, techniques and computer models that underlie the reports and opinions of plaintiff's experts." ECF No. 88 (Def. Opposition) at 6, 10, and 13. This assertion is patently incorrect. Dr. St. Denis and Dr. Durant both base their opinions on the emissions and air pollution dispersion modeling they performed, respectively. Mr. Lyons has not performed any emissions or dispersion modeling upon which to base his opinions.

In addition, and as also demonstrated in CLF's Motion to Bar, the Defendant's failure to timely provide the information pursuant to Rules 26 and 34 has harmed CLF. ECF No. 67 (Motion to Bar) at 2-6, 9-12. Specifically,

1. CLF's experts did not have this information when preparing their initial expert reports, and CLF expended significant time and resources preparing supplemental reports to respond to the new information;

2. CLF could not issue follow-up discovery requests based on the withheld information; and

3. CLF was not able to question the Defendant's fact witnesses regarding this vital information during the fact witness depositions.

Finally, the Defendant states in its Opposition that "Academy intends to present testimony at trial that the buses were retrofitted." ECF No. 88 (Def. Opposition) at 12. This future testimony, and any additional undisclosed information regarding the retrofits, should be excluded to avoid "trial by ambush" and further prejudice to CLF. *Primus v. United States*, 389 F.3d 231, 234-235 (1st Cir. 2004) (stating that "mandatory preclusion [is] the required sanction in the ordinary case," and upholding the exclusion of a late designated expert witness); *Macaulay v. Anas*, 321 F.3d 45, 52 (1st Cir. 2003) (upholding the preclusion of expert testimony that untimely introduced a new theory of liability and unfairly prejudiced the defendant); *Klonoski v. Mahlab*, 156 F.3d at 269 (holding that Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches ..., and the required sanction in the ordinary case is mandatory preclusion."). Additionally, the Court should 1) exclude Mr. Lyons' expert opinions that relied upon the withheld information, and 2) enter monetary sanctions against the Defendant for the expenses CLF incurred because of its disclosure violations.

*Traverse v. Gutierrez Co.*, No. CV 18-10175-DJC, 2020 WL 9601832, at *8 (D. Mass. May 18, 2020) (ordering plaintiffs to pay the costs and attorney's fees incurred by defendants in connection with a motion to strike for untimely disclosure); *Versata Software, Inc. v. SAP America, Inc.*, No. 2:07-CV-153 CE, 2011 WL 13136604, at *5 (E.D. Tex. May 5, 2011) (granting the motion to strike portions of the expert report after finding that disclosure was untimely and with prejudice to the plaintiff).

### III.   THE DEFENDANT MISREPRESENTS THE COURSE OF EXPERT DISCOVERY IN THIS MATTER.

Although an in-depth discussion of the course of expert discovery is largely irrelevant to the arguments raised in CLF's Motion *in Limine*, CLF feels the need to correct misrepresentations in the Defendant's Opposition.

First, Plaintiffs' experts, Dr. St. Denis and Dr. Durant, supplemented their initial reports to respond to previously withheld information regarding the alleged retrofitting of several of the Defendant's vehicles. *See supra* Section II; ECF No. 74-4 (St. Denis Supplemental) at 2; ECF No. 74-5 (Durant Supplemental) at 9. As demonstrated in CLF's Motion to Bar, CLF repeatedly requested this information during fact discovery, and the information was finally disclosed *after* CLF's experts submitted their initial reports. ECF No. 67 (Motion to Bar) at 1-5. Second, Dr. St. Denis' and Dr. Durant's subsequent supplemental reports were properly and timely issued to correct calculation errors, as required by Rule 26. Fed. R. Civ. P. 26(e)(1)(A).

Third, and as evidenced by the Joint Motion to Modify Scheduling Order, the parties stipulated to one additional hour for CLF to narrowly examine Mr. Lyons on the corrected

calculations in Dr. St. Denis' and Dr. Durant's second supplemental reports.[4] ECF No. 77 at 2. The Defendant was given the same opportunity to depose CLF's experts for an additional one hour each, but chose not to do so. *Id.*. Thus, both parties were given the same opportunity to fully examine the opposing side's experts.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Exclude the Testimony of Plaintiff's Expert Witnesses should be denied.

Dated: December 13, 2021              Respectfully submitted,

                                      CONSERVATION LAW FOUNDATION, INC.,

                                      By its attorneys:

                                      */s/ Erica Kyzmir-McKeon*
                                      Erica Kyzmir-McKeon, Esq., *pro hac vice*
                                      Heather A. Govern, Esq. (BBO No. 688482)
                                      Chelsea E. Kendall, Esq. (BBO No. 705513)
                                      Conservation Law Foundation
                                      62 Summer Street
                                      Boston, MA 02110
                                      (617) 850-1763
                                      ekyzmir-mckeon@clf.org

---

[4] The Defendant incorrectly states that CLF deposed Mr. Lyons for eight hours over September 16 and 17, 2021. ECF No. 88 (Def. Opposition) at 5. In fact, CLF deposed Mr. Lyons for a total of seven hours over these two days.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 13, 2021, the foregoing document was filed through the ECF system, by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

            */s/ Erica Kyzmir-McKeon*
            Erica Kyzmir-McKeon