UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC.,<br>　　　Plaintiff<br><br>v.<br><br>ACADEMY EXPRESS, LLC,<br>DPV TRANSPORTATION, INC.,<br>and BOSTON CHARTER BUS, LLC | )<br>)<br>)<br>)<br>)　Civil Case No. 1:20-cv-10033-DPW<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF SUPPLEMENTAL AUTHORITY FILED BY DEFENDANTS DPV TRANSPORTATION, INC. AND BOSTON CHARTER BUS, LLC IN ADVANCE OF MAY 17, 2023 MOTION HEARING**

Now come Defendants DPV Transportation, Inc. ("DPV") and Boston Charter Bus, LLC ("BCB") (collectively, "the Defendants") and file this Notice of Supplemental Authority in advance of the May 17, 2023 motion hearing on the Defendants' pending motion for summary judgment on the issue of standing.

I.  **Requirement for an injury-in-fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.**

　　A.　*TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021) ("Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment. … For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff 's suffering concrete harm because of the defendant's violation of federal law. Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court.") [Emphasis in original.]

1

B.   *Laufer v. Acheson Hotels, LLC*, 50 F.4th 259, 268 (1st Cir. 2022), quoting *TransUnion*, 141 S.Ct. at 2205 ("judges must still 'independently decide whether a plaintiff has suffered a concrete harm under Article III,' even if Congress adamantly says they do")

C.   *Conservation Law Found. v. ExxonMobil Corp.*, 578 F. Supp. 3d 119, 121-22 (D. Mass. 2021), citing *TransUnion*, 141 S.Ct. at 2210-11 ("The Supreme Court held that, with regard to a suit for damages, the mere risk of future harm is not enough to establish standing. … Relitigating standing on the present record would likely at most result in dismissal of CLF's claims for civil penalties for past violations that are not continuing, see *Gwaltney*, 484 U.S. [49], 59, 108 S.Ct. 376 [1987] and, under *TransUnion*, harms that have not yet occurred.")

Respectfully submitted,
**DPV TRANSPORTATION, INC.**
**and BOSTON CHARTER BUS, LLC**
By their attorney,

*/s/ John S. Day*
John S. Day (BBO #639249)
Day Law Firm, P.C.
33 Railroad Avenue, Suite 4
Duxbury, MA 02332
781-789-3001 (telephone)

Date:   May 10, 2023          jday@daylaw.com (e-mail)

## Certificate of Service

I, John S. Day, hereby certify that, on May 10, 2023, I served a full and complete copy of the foregoing through PACER, for electronic service upon all parties registered with the ECF system.

*/s/ John S. Day*
_____

2