UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Conservation Law Foundation, Inc., | )<br>)<br>) Case No. 1:20-cv-10033-DPW |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| Academy Express, LLC, DPV Transportation, Inc., Boston Charter Bus, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANT ACADEMY EXPRESS, LLC'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Academy Express, LLC ("Academy") submits this Notice of Supplemental Authority in advance of the May 17, 2023 motion hearing on the Defendants' Motions for Summary Judgment on the Issue of Standing ("Standing Motions") to inform the Court of additional relevant case law on the issue of constitutional standing that has developed since the Standing Motions were briefed and presented to the Court at oral argument.

**I.   Recent Supreme Court and First Circuit precedent confirm that a plaintiff must demonstrate an injury-in-fact that is both (a) concrete and particularized, and (b) actual or imminent, not hypothetical.**

In *TransUnion LLC v. Ramirez*, 210 L. Ed. 2d 568, 141 S. Ct. 2190 (2021) (copy attached hereto as ***Exhibit 1***), the U.S. Supreme Court considered a claim brought by a class of consumers who alleged that the credit reporting agency TransUnion had erroneously added an alert to their credit file indicating that their name was a "potential match" to a list maintained by the United States Treasury Department's Office of Foreign Assets Control of terrorists, drug traffickers, and other serious criminals. The Supreme Court held that: (i) under Article III, only those plaintiffs whose credit reports containing alerts were disseminated to third-party businesses suffered a

concrete injury in fact and thus had standing to sue in federal court; (ii) the mere existence of misleading alerts in consumers' credit files that were <u>not</u> disseminated did not constitute a concrete injury for purposes of Article III standing; and (iii) the risk of future harm to consumers as a result of misleading alerts in their credit files which had not been disseminated, did not provide a basis for Article III standing.  In relevant part, the Supreme Court articulated the requirements for constitutional standing as follows:

> "Importantly, this Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U. S., at 341, 136 S.Ct. 1540. As the Court emphasized in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation." *Ibid*.
> ...
> "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law. Congress may enact legal prohibitions and obligations. And Congress may create causes of action for plaintiffs to sue defendants who violate those legal prohibitions or obligations. But under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court. As then-Judge Barrett succinctly summarized, "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Casillas*, 926 F.3d at 332.
>
> ...
>
> "[I]f the law of Article III did not require plaintiffs to demonstrate a "concrete harm," Congress could authorize virtually any citizen to bring a statutory damages suit against virtually any defendant who violated virtually any federal law. Such an expansive understanding of Article III would flout constitutional text, history, and precedent. In our view, the public interest that private entities comply with the law cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." *Lujan*, 504 U.S., at 576–577, 112 S.Ct. 2130.

141 S. Ct. at 2206.

The First Circuit applied the standing requirements articulated by the *TransUnion* court in *Laufer v. Acheson Hotels, LLC*, 50 F.4th 259 (1st Cir. 2022), *cert. granted*, No. 22-429, 2023 WL 2634524 (U.S. Mar. 27, 2023) (copy attached hereto as **Exhibit 2**).  In *Laufer*, the First Circuit examined whether an ADA "tester" had Article III standing to challenge a hotel's failure to provide accessibility information on its website when she had no plans to visit the hotel.  The First Circuit held that the Plaintiff had "suffered a concrete injury in fact even if *TransUnion* ushered in a new era of informational injury" only because "*discriminatory treatment* [is] an example of concrete, de facto injuries that were previously inadequate at law that Congress may 'elevate to the status of legally cognizable injuries." 50 F.4th at 274 (citing *TransUnion*, 141 S. Ct. at 2204–05 (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 341 (2016)) (internal quotations omitted) (emphasis added). The *Laufer* court further noted: "[N]ot even Congress can "spin a 'bare procedural violation, divorced from any concrete harm' into an 'injury-in-fact,' -- though the violation of some procedural rights Congress grants can, without any additional harm, be concrete enough. In all, this just means that we judges must still 'independently decide whether a plaintiff has suffered a concrete harm under Article III,' even if Congress adamantly says they do." *Laufer*, 50 F.4th at 268 (internal citations omitted).  *See also Plazzi v. FedEx Ground Package Sys., Inc.*, 52 F.4th 1, 7 (1st Cir. 2022) (holding that plaintiffs lacked standing to sue because they failed to establish a concrete injury under *TransUnion*; the possibility of a remedy was not alone sufficient to confer standing; and a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right) (copy attached hereto as **Exhibit 3**).

II. **Post-*TransUnion* precedent from other jurisdictions does not alter the requirement that the plaintiff must show an injury-in-fact that is fairly traceable to the defendants' alleged conduct**

Plaintiff relies on the case of *Utah Physicians for a Healthy Env't v. Diesel Power Gear*, LLC, 21 F.4th 1229, 1243 (10th Cir. 2021) (copy attached hereto as ***Exhibit 4***), for the proposition that it need not establish that its members' alleged harm can be fairly traced to the defendant's alleged instances of "excessive" idling. To the contrary, the Tenth Circuit has acknowledged that:

> "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion*, 141 S. Ct. at 2208; *see Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 551 (10th Cir. 2016) ("[A] plaintiff must demonstrate standing for each claim he or she seeks to press." (original brackets and internal quotation marks omitted)). UPHE must demonstrate that *each* of Defendants' violations "cause[d] or contribute[d] to the kinds of injuries alleged," *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 268 F.3d 255, 264 (4th Cir. 2001) (internal quotation marks omitted), or, as the district court put it, "show [that] Defendants' violations contribute[d] nitrous oxides (NOx) and particulate matter (PM) to air in the Wasatch Front," *UPHE I*, 374 F. Supp. 3d at 1135; *see ExxonMobil*, 968 F.3d at 365–66 ("[O]ne injury does not entitle a litigant to right other wrongs that did not injure it.... [A CAA] plaintiff needs standing for each violation for which it seeks a penalty.").

21 F.4th at 1248. Notably, in *Utah Physicians*, the Court declined to apply the "meaningful contribution" test for standing articulated in the case of *Massachusetts v. EPA*, 549 U.S. 497, 127 S.Ct. 1438, 167 L.Ed.2d 248 (2007). *See Utah Physicians*, 21 F.4th at 1242. In that case, the U.S. Supreme Court held that the Commonwealth of Massachusetts had standing to challenge the EPA's rejection of a petition for rulemaking to regulate greenhouse-gas emissions from new motor vehicles and observed that "[j]udged by any standard, U.S. motor-vehicle emissions make a ***meaningful contribution*** to greenhouse gas concentrations and hence, according to petitioners, to global warming." *Utah Physicians*, 21 F.4th at 1242, citing *Massachusetts v.* EPA, 549 U.S. at 523, 127 S.Ct. at 1438 (emphasis added).

4

                                                         Respectfully submitted,
                                                         ACADEMY EXPRESS, LLC,
                                                         By and through its attorneys,

                                                         */s/ Jon C. Cowen*
                                                         Jon C. Cowen (BBO # 552961)
                                                         jcowen@donovanhatem.com
                                                         Thomas D. Duquette, Jr. (BBO #694846)
                                                         tduquette@donovanhatem.com
                                                         DONOVAN HATEM LLP
                                                         53 State Street, 8th Floor
                                                         Boston, MA 02109
                                                         Telephone: (617) 406-4500
Dated: May 12, 2023                    Facsimile: (617) 406-4501

## **CERTIFICATE OF SERVICE**

     I, Thomas D. Duquette, Jr., hereby certify that on May 12, 2023, the foregoing Defendant Academy Express, LLC's Notice of Supplemental Authority was filed through the Court's electronic filing system ("ECF"), by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

                                                                   */s/ Thomas D. Duquette, Jr.*
                                                                   *Thomas D. Duquette, Jr.*

22452.37//4890-3092-8739 v.2